IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ALEXANDER ZENO,** *et al.* | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil No. **PJM 08-2236** |
| | * | |
| **CHEVY CHASE BANK,** *et al.* | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

*Pro se* Plaintiffs Alexander Zeno and Melanie Rivera-Rivera have sued Defendants Chevy Chase Bank, F.S.B. (hereinafter "Chevy Chase Bank") and Marilyn Rosario, alleging that Defendants denied Plaintiffs their constitutional rights by discriminating against them on the basis of race or place of origin. The Complaint fails to identify any provision of the Constitution, federal statute, or any state law upon which the cause of action is based. Defendants have filed a Motion to Dismiss arguing that Plaintiffs have failed to state a claim upon which relief can be granted. Despite the fact that the Court granted Plaintiffs an extension of time to file an opposition and subsequently issued a Show Cause Order requiring that Plaintiffs explain why the Motion to Dismiss should not be granted, no opposition to the Motion has yet been filed.[1]

---

[1] Defendants filed their Motion to Dismiss on August 3, 2009, and Plaintiffs' response was due August 20, 2009. On September 18, 2009, over the objection of Defendants, the Court extended the deadline for filing a response to October 2, 2009. On October 22, 2009 the Court issued an Order requiring that Plaintiffs show good cause within 20 days as to why the Motion to Dismiss should not be granted. Plaintiffs again failed to provide any response.

Having considered Defendants' arguments for dismissal, as well as Plaintiffs' failure to file an opposition and comply with the Court's Show Cause Order, the Court **GRANTS** Defendants' Motion to Dismiss with Prejudice.

## I.

The Complaint states that Zeno and Rivera-Rivera are citizens of the United States who reside in Maryland and are married to one another.  Plaintiffs allege that on or about August 28, 2006, Chevy Chase Bank and Marilyn Rosario refused to allow them to open an account unless they showed their U.S. passports, having refused to accept Plaintiffs' Puerto Rico driver's licenses as proper identification.  Plaintiffs further allege that on or about July 9, 2008 Chevy Chase Bank refused to provide notary public services to them, stating that a Puerto Rico driver's license was not a valid form of identification.  Zeno further alleges that on or about August 23, 2008, he was refused a cash advance on the basis that his Puerto Rico driver's license was not a valid form of identification, but the bank subsequently did allow him to complete the transaction.  As a result of these actions, Plaintiffs state that they have suffered embarrassment, humiliation, mental and emotional anguish and seek injunctive relief, damages and costs.

## II.

Under Federal Rule of Civil Procedure 41(b), an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order.  Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (holding that a district court may invoke Rule 41(b) *sua sponte*).  Plaintiffs in this case have done both.  First, they failed to respond to Defendants' timely Motion to Dismiss, even after being granted an extension of time.  Then they failed to comply with the Court's Order requiring that they show good cause within twenty days

as to why Defendants' Motion should not be granted. Under these circumstances dismissal under Rule 41(b) is clearly appropriate.

## III.

Leaving aside Plaintiffs' failure to comply with the Court's Show Cause Order, the Court agrees with Defendants argument that Plaintiffs' claim should be dismissed for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). In making its determination, the court must consider all well-pled allegations in a complaint as true and must construe all factual allegations in the light most favorable to the plaintiff. *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). The court need not, however, accept conclusory factual allegations devoid of any reference to actual events. *See E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## IV.

While most claims do not have to be pled in great detail, a complaint must at the very least contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Supreme Court has explained that this requirement means a plaintiff must set forth sufficient facts to state a plausible claim for relief. *Twombly*, 550 U.S. at 570. The Supreme Court recently elaborated on its holding in *Twombly*, stating that "the pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Plaintiffs' Complaint falls well short of meeting this standard. It fails to identify any provision of the Constitution, federal statute, or any state law upon which the cause of action is

based. The Complaint states only that Plaintiffs were denied their constitutional rights "in that they used the Plaintiff's place of origin, namely Puerto Rico, and/or race, as a basis of discrimination in denying them the same treatment mandated them under the law. . . ." Complaint at 2.  Defendants are left to guess as to what the legal basis for such a claim might be, a clearly unacceptable state of affairs.

Moreover, if Plaintiffs are attempting to make out a discrimination claim under 42 U.S.C. § 1981, as Defendants speculate in their Motion to Dismiss, the Court agrees that Plaintiffs have failed to do so.  To establish a prima facie case of discrimination in a § 1981 case relating to the purchase of goods or services, Plaintiffs must show that: (1) they are members of a protected class; (2) they sought to enter into a contractual relationship with the Defendant; (3) they met the Defendant's ordinary requirements to pay for and to receive goods or services ordinarily provided by the Defendant to other similarly situated customers; and (4) they were denied the opportunity to contract for goods or services that were otherwise afforded to customers that were not a members of a protected class. *Williams v. Staples*, Inc. 372 F.3d 662, 667 (4th Cir. 2004).

Plaintiffs have failed to plead at least two elements of such a claim. The few factual allegations contained in the Complaint state simply that Plaintiffs' Puerto Rico driver's licenses were not accepted as valid identification in order to receive various banking services.  Plaintiffs make no allegations as to what the ordinary requirements for receiving such services are or whether they met the requirements in this case.  Moreover, they make no allegation suggesting that any other person presenting a Puerto Rico drivers license would have been treated differently by Defendants. Furthermore, the Complaint states that in two of the three alleged incidents, the Bank eventually provided the requested services.  Such sparse allegations do not

amount to a cognizable claim that Plaintiffs were denied the opportunity to contract for services otherwise afforded to citizens not of Puerto Rican descent. *See Williams*, 372 F.3d at 667.

Plaintiffs' claims are also dismissed for failure to state a claim upon which relief can be granted.

## V.

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss with Prejudice.

A separate Order will **ISSUE**.

                                                  /s/
                                 **PETER J. MESSITTE**
                        **UNITED STATES DISTRICT JUDGE**

**December 3, 2009**